ROXANNE MOSLEY (SBN#223575)
Attorney at Law
449 15th Street Suite 201-e
Oakland, CA 94612

Attorney for Claudia Sainz

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:

Claudia Sainz
    Plaintiff
Vs.

Wells Fargo Bank NA, American Servicing Company, HSBC Financial as Trustee for Nomura Asset Acceptance Corporation, and Does 1-10 inclusive
    Defendant

No.:

**COMPLAINT TO QUIET TITLE FOR:**

1. **Violation of Federal HAMP Rules(Home Affordable Modification Program-09-01**
2. **Breach of Contract**
3. **Fraud**
4. **Accounting**
5. **DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff alleges the following:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. On March 7, 2006.the Plaintiff executed a deed of trust with American Servicing Company as the Lender.
2. A request for Modification of Loan was made August of 2008.
3. A Notice of Default was recorded April 4, 2008.
4. A Notice of Trustee Sale was recorded April 20, 2008

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

-1-

5. August 2008 modification was renewed and Wells Fargo/ASC allowed the file to languish for at least 3 months without working on it. Even after they picked up the file in August of 2009 they had no explanation for why they had not approved the modification.
6. Residence was sold at Trustee Sale on April 15, 2009.
7. Trustee Sale was rescinded on April 30, 2009.
8. On March 16, 2010 the Defendants request a signed Profit and Loss statement.
9. On March 22 Ms. Sainz provides the Defendants with requested documentation.
10. Residence was sold again on at a Trustee Sale on April 1, 2010 well before 30 day period ended and without formal denial of application for modification.
11. Plaintiff has offered to restore the Defendant to its prior position by requesting a modification. She was in negotiations up until day before they sold the home at the Trustee sale. Per the Lender's request the Plaintiff had submitted the final requested documentation,(signed expense sheet) on March 22, 2010. The Lender misled the Plaintiff into believing that they would allow her to modify her loan and continue to maintain her residence. The Plaintiff was literally "blind sided" when she learned her home was sold.
12. Plaintiff made a contribution to ASC as requested in the amount of $2300.00 to be considered for modification. Thereafter she made 7 modification payments as requested in the amount of $2,269.53 to ASC for a total amount paid of $18,186.71 to ASC as consideration for a modification.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1601 et seq. and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

3. Venue is proper within this District and Division pursuant to 28 U.S.C § 1391 (b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendant because it regularly conducts business in this judicial district.

### First Cause of Action

The Defendants violated the Federal Guidelines under the (HAMP) <u>Home Affordable Modification Program. Specifically, Supplemental directive 09-01; Temporary Suspension of Foreclosure Proceedings</u> reads as follows: *Servicers must not conduct foreclosure sales on loans previously referred to foreclosure or refer new loans to foreclosure during the 30 day period that the borrower has to submit documents evidencing an intent to accept the Trial Period Plan offer.* On 3/16/10 the Defendants requested Ms. Sainz to provide them with a "signed profit and loss statement". On 3/22/10 Ms. Sainz provided requested documentation well within the time she is allowed to perform. On 4/1/10 before the 30 day period expired and without a formal denial letter, the Defendants sold the residence to themselves in clear violation of the Federal Guidelines.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

## Second Cause of Action

(Breach of Contract)

Wells Fargo Bank, NA, American Servicing Company, HSBC Financial as Trustee for Nomura Asset Acceptance Corporation breached an agreement between themselves and the barrower (Plaintiff) to approve a modification of the loan for the at issue residence if she met all of the conditions and requirements. Plaintiff satisfied all of the requirements and requests including remitting $18,186.71 as consideration to the Defendants who in turn breached the agreement and sold the residence on April 1, 2010.

## Third Cause of Action

(Fraud)

Defendants purposefully delayed working on the file to approve the modification so that they could collect more modification payments all the while never intending to ever complete the modification process. The Defendant's lied when they originally denied the modification and sold the residence in April of 2009 stating reasons being failure to make contribution payment. Defendants had record of the contribution and purposefully With held this material fact from the Defendant.

## Fourth Cause of Acton

(For an Accounting against the Defendants)

The Defendants have received $18,186.71 from the Plaintiff for which they have not accounted. Plaintiff wants to know what happened to her funds and where they were applied. The Defendants can not file a Notice of Default, accept funds from the barrower post NOD and then not reflect the reduction of the principal balance due on the Notice of Trustee Sale document. Plaintiff believes and alleges that the Defendants have not accounted for these funds or applied them properly and therefore the sale must be rescinded on this fact alone.

Wherefore, Plaintiff's prays for judgment against the Defendant.

PRAYER

1. For general damages according to proof.
2. For punitive damages according to proof.
3. For special damages as according to proof.
4. Rescission of Sale of residence.
5. For preliminary and permanent injunctive and declaratory relief,(Reinstatement of Home Loan)
6. For reasonable attorney fees.
7. For the cost of the law suit
8. For such other and further relief as the Court may deem proper.

Dated: October1, 2010                    Respectfully Submitted.

_____
ROXANNE M. MOSLEY
Attorney for Plaintiff

## VERIFICATION

1. I, Claudia Sainz am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of our own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Sacramento, CA.

Dated: 10/4/10

_Claudia Sainz_

PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF